**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00393-RJC-DCK**

| | |
|---|---|
| **JOE HAND PROMOTIONS, INC.,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **ASTRIK IVANOVA, Individually, and as** ) <br> **officer, director, shareholder, principal manager,** ) <br> **and/or member of Deluxe Events, LLC and** ) <br> **DELUXE EVENTS, LLC** ) <br> ) <br> **Defendants.** ) | **ORDER** |

This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. No. 14).

## I. BACKGROUND

Plaintiff filed suit against Defendants Astrik Ivanova and Deluxe Events, LLC ("Defendants") on August 11, 2022, (Doc. No. 1), and served each a summons and complaint on October 16, 2022, and October 31, 2022, respectively. (Doc. Nos. 6, 7). Defendants had 21 days to answer or otherwise respond, Fed. R. Civ. P 12(a)(1)(A)(i), and both failed to respond within that time. Plaintiff moved for entry of default on December 23, 2022, (Doc. No. 9), and the clerk entered default against Defendants on December 28, 2022. (Doc. No. 11). Plaintiff has now moved for default judgment. (Doc. No. 12)

## II. LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded

allegations of fact contained in the complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *J & J Sports Prods., Inc. v. Romenski*, 845 F. Supp. 2d 703, 705 (W.D.N.C. 2012); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The defendant is not deemed, however, to have admitted conclusions of law and the entry of "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (citations omitted); *see also J & J Sports Prods.*, 845 F. Supp. 2d at 705; *E.E.O.C. v. Carter Behavior Health Servs., Inc.*, No. 4:09–cv–122–F, 2011 WL 5325485, at *3 (E.D.N.C. Oct. 7, 2011). Rather, in determining whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the complaint support the relief sought. *See Ryan*, 253 F.3d at 780; *DIRECTV, Inc. v. Pernites*, 200 Fed.Appx. 257, 258 (4th Cir. 2006) (a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law"); *J & J Sports Prods.*, 845 F. Supp. 2d at 706; 10 A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default ... and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

To that end, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc*., 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). Nonetheless, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). If the court finds that liability is established, it must then determine damages. *J & J Sports Prods.*, 845 F. Supp. 2d at 706 (citing *Ryan*, 253 F.3d at 780–81). The court must make an

independent determination regarding damages and cannot accept as true factual allegations of damages. *Id.* (citing *Lawbaugh*, 359 F. Supp. 2d at 422); *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (noting the court must "assure that there is a legitimate basis for any damage award it enters."). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so, but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *Id.*

### III. DISCUSSION

Plaintiff alleges that it owned the exclusive nationwide commercial distribution and public performance rights to a televised fight between Mike Tyson and Roy Jones, Jr. on November 28, 2020. (Doc. No. 1, at 5-6). Though Defendants had "full knowledge that the Tyson vs. Jones, Jr. PPV Event Broadcast can only be exhibited within a commercial establishment by the purchasing of a license from Plaintiff," Plaintiff alleges that Defendants intercepted the broadcast and exhibited the fight at the Deluxe Fun Dining restaurant, owned and operated by Deluxe Events, LLC through Astrik Ivanova. (*Id.* at 4-7 (Deluxe Fun Dining restaurant is the name of the restaurant located at 305 W. 4th St, Charlotte, NC 28202)). Plaintiff further alleges that Defendants' unauthorized exhibition was willful and for the purpose of commercial benefits – a "deliberate attempt to deny Plaintiff the licensing fee." (*Id.* at 7). These facts are admitted by Defendants' failure to respond, *J & J Sports Prods.*, 845 F. Supp. 2d at 706, and Plaintiff may recover under 17 U.S.C. § 504.[1]

---

[1] In its complaint, Plaintiff sought statutory penalties, attorney's fees, interest, costs, and other relief as deemed proper. (Doc. No. 1, at 8). In its motion for default judgment, Plaintiff requests only $10,000 in statutory damages and $25,000 in enhanced damages. (Doc. No. 12). Because Plaintiff excludes recovery for attorney's fees in its motion for default judgment, and because Plaintiff offers no evidence upon which such an award might be based, the Court awards only statutory damages.

Plaintiff seeks statutory damages: "[T]he copyright owner may elect … to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action … in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Such statutory awards are intended not only for "restitution of profit and reparation for injury[,] but also [are] designed to discourage wrongful conduct." *See F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952). Accordingly, "[i]n a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

The Court enjoys wide discretion in setting the statutory damage amount under § 504(c). *See F. W. Woolworth Co.*, 344 U.S. at 232 ("The necessary flexibility to do justice in the variety of situations which copyright cases present can be achieved only by exercise of the wide judicial discretion within limited amounts conferred by this statute.") (applying 17 U.S.C. § 101); *Oppenheimer v. Griffin*, No. 1:18-CV-00272-MR-WCM, 2019 WL 7373784 (W.D.N.C. Dec. 31, 2019) (applying the *F.W. Woolworth* "wide discretion" standard). "Where a plaintiff seeks statutory rather than actual damages based on a defendant's knowing and deliberate infringement, courts typically award substantially more than the minimum of statutory damage and more than an infringer would have paid in license fees." *EMI Apr. Music Inc. v. Rodriguez*, 691 F. Supp. 2d 632, 636 (M.D.N.C. 2010); *see Music City Music v. Alfa Foods, Ltd*., 616 F. Supp. 1001, 1003 (E.D. Va. 1985) ("In a case where a defendant's infringement is found to be willful, the act contemplates that the award may, in the judge's discretion, punish the wrongdoer.").

Courts within the Fourth Circuit – including this one – often consider an amount between two and three times the licensing fee to be an appropriate statutory deterrent for willful copyright

violations. *See, e.g.*, *J & J Sports Prods.*, 845 F. Supp. 2d at 708 (awarding triple the license fee); *Joe Hand Promotions, Inc. v. Angry Ales, Inc.*, No. CIV. 3:06CV73, 2007 WL 3226451, at *5 (W.D.N.C. Oct. 29, 2007) (awarding double the statutory minimum where no license fee was provided); *see also Broad. Music, Inc. v. Fossils, Inc.*, No. L:14-CV-755 LMB/IDD, 2015 WL 4127622, at *9 (E.D. Va. July 7, 2015) (awarding "a little less than three times the … licensing fee"); *Controversy Music v. Mason*, No. 5:09-CV-488-BR, 2010 WL 2607229, at *3 (E.D.N.C. June 24, 2010) (awarding "slightly more than twice what Defendant would have paid in licensing fees"); *EMI Apr. Music, Inc. v. White*, 618 F. Supp. 2d 497, 508 (E.D. Va. 2009) ("[I]n cases such as this courts have routinely awarded statutory damages in amounts that arc between two and three times license fees").

Plaintiff requests $10,000 in statutory damages under § 504(c)(1), for "significant monetary loss in licensing fees" and the expense of a "great deal of time and money in policing its signals to protect its interests." (Doc. No. 14). Although the Fourth Circuit has yet to offer guidance for calculating statutory damages under § 504(c), this Court has followed the Second Circuit in relying on the following factors:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Oppenheimer v. Holt*, No. 1:14-CV-000208-MR, 2015 WL 2062189, at *2 (W.D.N.C. May 4, 2015) (citing *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010)).

Here, Plaintiff provides little evidence beyond Defendants' broadcast of the fight. (Doc. No. 14, at 3 (providing a video recording of the fight exhibited in Deluxe Fun Dining)). Plaintiff failed to provide any detail as to the amount of Defendants' illicit profit, the number of patrons

who saw the fight at Defendants' establishment, or any history of similar violations. Plaintiff does, however, establish that Defendants' infringement was willful, (Doc. No. 1, at 6-7); *Time Warner Cable of New York City v. Googies Luncheonette*, 77 F.Supp.2d 485, 490 (S.D.N.Y.1999) ("Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems"), and Plaintiff also proffers evidence establishing the size of Defendants' Deluxe Fun Dining restaurant (Doc. No. 13-3 (estimating the building held 1-100 people)). Most importantly, Plaintiff provides its rate card for the Tyson v. Jones, Jr. PPV Event, which details rates charged to establishments by size (Doc. No. 13-1).

According to Plaintiff's rate card, the per-person cost of a license to exhibit the Tyson v. Jones, Jr. event to one hundred people ranged from $9.50 to $12.50. (Doc. No. 13-1). Taking the high end of that range along with Plaintiff's estimation of Deluxe Fun Dining's size, Defendants saved – and Plaintiffs lost – up to $1,250 by displaying the Tyson V. Jones, Jr. event without the proper license. Considering Plaintiff's limited relevant evidence and Defendants' willfulness in violating 17 U.S.C. §501, *et seq.*, the Court finds that trebling the amount of the would-be license fee of $1,250 is a sufficient deterrent and therefore awards a total of $3,750.

IV.   **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. Judgment is entered against Astrik Ivanova and Deluxe Events, LLC, jointly and severally, in favor of Joe Hand Promotions, Inc. Astrik Ivanova and Deluxe Events, LLC are liable to Joe Hand Promotions, Inc. in the amount of **$3,750**.

2. The Clerk of Court is respectfully directed to close this case.

Signed: April 13, 2023

Robert J. Conrad, Jr.
United States District Judge